**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-6488**

_____

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

NATHAN PETWAY,

             Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Richard E. Myers, II, Chief District Judge. (4:04-cr-00056-M-2)

_____

Submitted: December 10, 2021                    Decided: January 19, 2022

_____

Before KING and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan Petway, an inmate at FCI Butner in North Carolina, appeals from the district court's denial of his motion for compassionate release. Petway seeks relief based upon hypertension and diabetes which, he maintains, place him at an increased risk of a severe COVID-19 illness. As explained below, we vacate and remand.

I.

On July 28, 2020, Petway filed his motion for compassionate release in the Eastern District of North Carolina, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Under that provision, a district court may reduce an inmate's term of imprisonment if it finds, inter alia, that "extraordinary and compelling reasons warrant such a reduction" and that the 18 U.S.C. § 3553(a) factors favor such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A).

By his motion for release, Petway contended that hypertension and diabetes constituted extraordinary and compelling reasons to warrant his compassionate release from prison, because those health conditions placed him at an increased risk of severe illness from COVID-19. Petway predicated his contentions primarily on guidelines promulgated by the Centers for Disease Control and Prevention (the "CDC"), which had identified diabetes as a health condition that increased the risk of a severe illness from COVID-19, and which deemed hypertension a health condition that might increase that risk. Petway submitted supporting evidence demonstrating his successful rehabilitation

2

while in custody and his exemplary postconviction conduct. Petway also maintained that the § 3553(a) factors weighed in favor of his motion.

The district court disagreed with Petway and denied relief, ruling that his health conditions did not constitute the extraordinary and compelling reasons required by the statutory provision. *See United States v. Petway*, No. 4:04-cr-00056 (E.D.N.C. Mar. 25, 2021), ECF No. 262 (the "Denial Order"). Relying on a non-precedential decision of our Court in *United States v. Adamson*, 831 F. App'x 82 (4th Cir. 2020), the Denial Order explained that, "[i]n the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *See* Denial Order 5 (internal quotation marks omitted).

The Denial Order ruled that Petway had failed to make either of those showings. Assessing Petway's particularized susceptibility to COVID-19, the court recognized that, according to the CDC, some health conditions place — or may place — a person at an increased risk of severe illness from COVID-19. Having examined Petway's medical records, the court agreed that he was indeed "at an increased risk of developing a severe illness from the coronavirus." *Id.* at 7. Nevertheless, the Denial Order ruled that Petway "failed to demonstrate a *particularized high* risk of susceptibility to coronavirus, especially considering the large portion of the general population who suffer from the same conditions." *Id.* (internal quotation marks omitted).

Having found no particularized susceptibility to COVID-19, the court concluded that Petway also "failed to demonstrate a particularized risk of contracting the disease at

3

his specific prison facility." *Id.* The Denial Order observed that, as of March 2021, COVID-19 cases had decreased across the country, and it emphasized that vaccines against the disease had been developed and were being distributed. *Id.* at 8. The court nevertheless commended Petway for his efforts at rehabilitation, even calling him an "exemplary inmate." *Id.* at 3, 9. Petway filed his notice of appeal four days after the Denial Order, on March 29, 2021, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

We have subsequently been advised that, on April 9, 2021 — approximately ten days after the notice of appeal had been filed — Petway received his first dose of the COVID-19 vaccine. We are also advised that twenty-one days later, on April 30, 2021, Petway received his second dose.

## II.

On appeal, Petway contends that the Denial Order erred in ruling that his hypertension and diabetes did not constitute extraordinary and compelling reasons for compassionate release because the court erroneously focused on the commonality of his health conditions, instead of on their likelihood of placing him at an increased risk of severe illness from COVID-19. We review for abuse of discretion a district court's denial of a compassionate release motion. *See States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). And a district court abuses its discretion by committing an error of law. *See United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). Such an error can include an erroneous interpretation of the relevant statutory term "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i).

4

Importantly, in the course of these proceedings, the government has taken three different positions with respect to the critical issue of whether Petway has shown that his health conditions constitute extraordinary and compelling reasons to warrant a compassionate release. In the district court, the government conceded that Petway's medical conditions constituted extraordinary and compelling reasons for release, nevertheless opposing the motion by arguing that the § 3553(a) factors favored denial. *See* Denial Order 6. On appeal, however, the government initially changed its stance and withdrew its concession, agreeing with the Denial Order and arguing that Petway's health conditions did not constitute extraordinary and compelling reasons for a compassionate release. During its briefing of the appeal, the government abandoned the district court's position. It sought and was authorized to amend its appellate brief to rely solely on the proposition that Petway's post-Denial Order vaccination status precludes a finding of extraordinary and compelling reasons for compassionate release.

As explained heretofore, the Denial Order ruled — prior to Petway's vaccinations — that there were no extraordinary and compelling reasons for release based on Petway's hypertension and diabetes diagnoses. And we must assess the Denial Order based on the record before the district court. With respect to the government's request on appeal that we should sustain the district court's judgment by adopting a per se rule that would always preclude a finding of extraordinary and compelling reasons when the movant has been vaccinated, we decline to resolve that issue. Although an appellate court can sometimes consider arguments that were not addressed in the district court, it is "more appropriate to allow the district court to consider them" in the first instance. *See Q Int'l Courier, Inc. v.*

5

*Smoak*, 441 F.3d 214, 219 n.3 (4th Cir. 2006). Put succinctly, "we are a court of review, not of first view." *See Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) (internal quotation marks omitted).

## III.

In assessing whether Petway had demonstrated extraordinary and compelling reasons for a compassionate release, the district court first evaluated whether he had shown a particularized susceptibility to COVID-19. In so doing, the Denial Order focused on the rarity of Petway's health conditions instead of their ability to increase his risk of severe illness. That analysis was erroneous as a matter of law and warrants a remand. To determine whether Petway has demonstrated a particularized susceptibility to COVID-19, the court should have only assessed whether his particular health conditions placed him at an increased risk of severe illness from COVID-19. There is no requirement that the health conditions also be rare ones. In support of its reasoning, the Denial Order cited a district court opinion from Texas, which observed that prevalent diseases, such as diabetes and hypertension, cannot be deemed "extraordinary" in the context of compassionate release. *See* Denial Order 7 (citing *United States v. Mondragon*, No. 4:18-cr-132 (5), 2021 WL 951797, at *4 (E.D. Tex. Mar. 12, 2021)). It is not, however, the health condition itself that ought to be sufficiently "extraordinary" to warrant compassionate release, and Petway does not contend that his diabetes and hypertension are "extraordinary" conditions. Rather, it is the risk of his health conditions — in light of the COVID-19 pandemic — that can be sufficient to satisfy the "extraordinary and compelling" statutory requirement for

6

compassionate release.[*]  And to determine whether a particular condition places a person at an increased risk of a severe COVID-19 illness, a court should — as the district court here did — look to the CDC for guidance.  The CDC has identified conditions that increase or may increase the risk of a severe COVID-19 illness.  And the CDC's list is regularly updated.

In these circumstances, we are satisfied to vacate and remand.  On remand, the district court can consult relevant CDC guidelines and other evidence in assessing Petway's motion for compassionate release.  And if the government continues to pursue a per se rule with respect to vaccinations, that issue — if the court deems it appropriate — can also be resolved.

IV.

Pursuant to the foregoing, we vacate the judgment and remand for such other and further proceedings as may be appropriate.

*VACATED AND REMANDED*

---

[*] We observe that multiple courts have correctly recognized that, in light of the COVID-19 pandemic, common health conditions — including hypertension and diabetes — may establish extraordinary and compelling reasons for purposes of compassionate release motions. *See, e.g., United States v. Colvin*, 451 F. Supp. 3d 237, 240-41 (D. Conn. 2020) (ruling that inmate with diabetes and hypertension established extraordinary and compelling reasons to warrant release); *United States v. Jackson*, No. 5:02-cr-30020, 2020 WL 2735724, at *3 (W.D. Va. May 26, 2020) (granting release to inmate with diabetes, asthma, sleep apnea, and obesity); *United States v. Ullings*, No. 1:10-cr-00406, 2020 WL 2394096, at *4-5 (N.D. Ga. May 12, 2020) (ruling that inmate with hypertension and obesity established extraordinary and compelling reasons to warrant release).